IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Simpson, | C/A No. 5:24-cv-6946-JFA-KDW |
| Petitioner, | |
| v. | **ORDER** |
| Warden of Trenton Correctional Institution, | |
| Respondent. | |

**I.     INTRODUCTION**

The *pro se* petitioner, Jerry Simpson ("Petitioner"), brought this action pursuant to 28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On May 14, 2025, Respondent filed a motion for summary judgment. (ECF No. 37). After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that the motion for summary judgment should be granted. (ECF No. 58). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report on December 5, 2025, (ECF No. 61), to which Respondent replied. (ECF No. 62). Thus, this matter is ripe for review.

1

## II.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

Petitioner seeks to vacate his current criminal sentence for various reasons. However, the Magistrate Judge correctly holds that the claims raised in this petition are barred by the statute of limitations.

Within his single objection (ECF No. 61), Petitioner does not dispute that his petition is untimely but rather asserts that the statute of limitations should be equitably tolled and the motion for summary judgment rejected. Specifically, Petitioner asserts, for the first time in these proceedings, that his PCR counsel missed the deadline to file an appeal of his PCR decision despite representations that an appeal had been timely filed.

Initially, the court agrees with Respondent that Petitioner's equitable tolling argument was not presented to the Magistrate Judge and should therefore not be considered here. *See Elijah v. Dunbar*, 66 F.4th 454, 460 n. 3 (4th Cir. 2023) ("district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation"); *Hubbard v. Stirling,* No. 8:19-CV-01314- SAL, 2020 WL 5249231, at *2 (D.S.C. Sept. 3, 2020) ("a court is only required to address new arguments directed at

3

issues presented to the magistrate judge. New issues, however, are not properly presented for the first time in objections to a report and recommendation."). Given that equitable tolling was Petitioner's only argument, his objection is properly denied on this ground alone. However, as shown below, Petitioner's argument fails even when considered on the merits.

As shown in the Report, the one-year statute of limitations began when Petitioner's conviction became final on February 16, 2017, after the time period for filing a petition to reinstate had expired. However, Petitioner's filing of his first PCR application on September 11, 2017, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). At this time, 206 days had elapsed, leaving 159 days that Petitioner could timely file a federal habeas petition. The period of limitations was tolled during the pendency of the 2017 PCR action. The PCR court issued its order dismissing Petitioner's PCR action on January 6, 2020, and Petitioner's counsel received notice of this dismissal on January 9, 2020.

As an appeal was not immediately filed from this order, this decision became final on February 8, 2020—thirty days after receipt of written notice of the entry of the order—pursuant to Rule 203(b)(1), SCACR. Consequently, the statute of limitations period to file a federal habeas petition restarted on February 9, 2020, and expired 159 days later on July 17, 2020. The Report further concludes that Petitioner's filing of an out of time notice of appeal of his 2017 PCR application in August 2020 did not restart or add additional time to the statute of limitations period because the notice of appeal was neither timely nor properly filed.

Petitioner contends that his later filing of an out of time notice of appeal of his 2017 PCR application in August 2020 should restart or add additional time to the statute of limitations period. Petitioner avers that his counsel at the time falsely represented to him than an appeal had been timely filed. Thus, Petitioner avers that this out of time appeal should be deemed timely given his counsel's misrepresentations.

To establish grounds for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (emphasis added and cleaned up). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. at 653, 130 S.Ct. 2549 (cleaned up). And "under our existing 'extraordinary circumstances' test, [a petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

With the above standard in mind, the court disagrees that equitable tolling is applicable here. Equitable tolling may be allowed when the delay is caused by extraordinary circumstances outside of petitioner's control. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002)("[T]he one-year limitation period is also subject to equitable tolling in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.")(internal quotations omitted). Here, Petitioner was fully capable of filing a notice of appeal of his PCR decision, or alternatively a federal habeas petition, at any time. Petitioner may have

5

initially believed that his counsel filed a timely notice of appeal of his PCR decision.[1] However, this does not justify the six-month delay from the time the notice of appeal should have been filed in February 2020 and when it was actually filed in August 2020.[2] *See Maner v. Warden of Kershaw Corr. Inst.*, No. 8:24-CV- 02626-TMC, 2025 WL 2693832, at *5 (D.S.C. Sept. 22, 2025) (declining to find equitable tolling where there was no showing "Petitioner diligently pursued an appeal of the PCR Order in the time period between" awareness of the lack of appeal and filing of an application for belated review). Because equitable tolling is not applicable here, the petition is untimely. Thus, Petitioner's objection is overruled.

Moreover, even if this court were to grant Petitioner reprieve for the time he believed his appeal had been filed, the outcome would remain unchanged. The proper filing of a PCR appeal may toll the limitations period but does not restart it. Petitioner became aware that his notice of appeal of the PCR decision was untimely no later than August 2020—when the notice of appeal and motion to file out of time were filed. At that point, the limitations period began to run again because Petitioner was aware that he had no pending PCR proceedings. Thus, the limitations period was tolled at most from February 8, 2020 to August 18, 2020.

---

[1] Additionally, the supreme court has recognized that "a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Fla.*, 560 U.S. 631, 651–52 (2010)(cleaned up).

[2] Moreover, as shown below, Petitioner has offered no justification for the 10-month delay between the granting of leave to file a belated PCR appeal and the filing of his *Johnson* petition.

On December 4, 2020, Petitioner filed a PCR application alleging ineffective assistance of counsel for failing to timely file a notice of appeal from the PCR judge's order denying him relief. Petitioner was later granted leave to file a PCR appeal on September 17, 2021. (ECF No. 36-2, p. 102). However, Petitioner did not file a *Johnson* petition for writ of certiorari pursuant to *Austin v. State* in the South Carolina Supreme Court until July 29, 2022. There is no explanation for 10-month delay between the granting of leave to file a belated PCR appeal and the filing of the *Johnson* petition.[3]

By this time, the one-year limitations period had run. As the Report succinctly stated, "[a]lthough the state court did grant Petitioner's 2020 PCR application for a belated appeal from the denial of his 2017 PCR application, this did not entitle Petitioner to additional time to file his federal habeas petition because the time period between the two PCR actions was not tolled." (ECF No. 58, p. 9). Stated differently, Petitioner was aware that his PCR application was not pending when he received notice that his appeal was denied as untimely. At that point, he had the notice his limitations period was running, and he had the ability to file for federal habeas relief. His limitations period then expired prior to filing the instant action. Accordingly, the Report properly concluded the petition should be denied as untimely.

---

[3] Again, the statute provides that "[t]he time during which a *properly filed* application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2)(emphasis added).

## IV.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 58). For the reasons discussed above and in the Report, Respondent's motion for summary judgment (ECF No. 37) is granted and the Petition is dismissed.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

January 13, 2026  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."